IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JIMMY LEE YOUNG                                                                                          PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:14CV161-NBB-SAA

U.S. BANK NATIONAL ASSOCIATION as                                                           DEFENDANTS
Trustee for RAMP, Series 2005-EFC2;
OCWEN LOAN SERVICING, LLC;
ALTISOURCE SOLUTIONS, INC.;
J. GARY MASSEY;
SHAPIRO & MASSEY, LLC;
FEARNLEY & CALIFF, PLLC; AND
MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.

MEMORANDUM OPINION

Presently before the court are Defendants' motions to dismiss for failure to state a claim. Upon due consideration of the motions, responses, and complaint, the court is ready to rule.

FACTS AND PROCEDURAL BACKGROUND

On April 20, 2005, Amelia Johnson purchased a house by obtaining a loan in the amount of $349,600.00, and securing the loan by a deed of trust. Johnson subsequently defaulted on her loan. Johnson thereafter executed a deed in lieu of foreclosure, warranty deed, and an estoppel affidavit simultaneously on July 19, 2013. These deeds conveyed all of Johnson's rights and interests in the property to U.S. Bank National Association as Trustee for RAMP 2005-EFC2 and were subsequently recorded. Johnson, after divesting herself of any property interest or rights in this property on September 17, 2013, executed a quitclaim deed purporting to convey this same property to Jimmy Young (Plaintiff herein). On December 2, 2013, Ocwen Loan Servicing, LLC, filed a complaint to remove Johnson from the property, only to learn that Young was actually the resident at that time. Ocwen then entered into an agreed judgment whereby Young had two options: 1) deliver possession of the property, or 2) purchase the property.

1

On July 17, 2014, Plaintiff filed a complaint in this court against U.S. National Bank Association Trust;[1] Ocwen Loan Servicing, LLC; Altisource Solutions, Inc.; J. Gary Massey; Shapiro & Massey, LLC; Fearnley & Califf, PLLC; and Mortgage Electronic Registration Services, Inc.. Plaintiff asserts the following causes of action: violations of the Foreclosure Act, violations of the Uniform Commercial code, violations of the Fair Debt Collection Practices Act, fraud and misrepresentation, wrongful foreclosure, slander of title, unlawful interference with a possessory interest, conflict of interest, violations of the Truth in Lending Act, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and other putative claims. Defendants subsequently filed these motions to dismiss for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement… showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a plaintiff to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to dismiss for failure to state a claim tests both the legal and factual sufficiency of a plaintiff's complaint. *Id.* at 679. Though motions to dismiss are "viewed with disfavor and [are] rarely granted," the burden rests on the plaintiff to prove her claim should go forward. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 497 (5th Cir. 2000).

To meet her burden, a plaintiff cannot rest merely on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a plaintiff must demonstrate that facts pleaded allow the court "to

---

[1] This defendant was improperly named in the complaint, terminated on September 15, 2014, and replaced by the proper defendant, U.S. Bank National Association as Trustee for RAMP, Series 2005-EFC2, after its motion to substitute a party was granted.

draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. In deciding whether a plaintiff has met her burden, the court "must accept as true all of the allegations contained in a complaint," except for those allegations which are mere legal conclusions. *Ashcroft*, at 678. Any legal conclusions in a complaint must be supported by factual allegations. *Id.* Ultimately, plaintiff's complaint must "nudge his claims… across the line from conceivable to plausible." *Id.* at 680 (quoting *Twombly*, 550 U.S. at 547).

Typically when deciding a 12(b)(6) motion to dismiss, the court "must limit itself to the contents of the pleadings, including attachments thereto." *Collins*, 224 F.3d at 498. The Fifth Circuit however has approved the practice of courts looking to documents not attached to the pleadings but instead attached to the motion to dismiss. *Id.* at 498-499. Furthermore, a court may consider matters of public record. *Cinel v. Connick*, 15 F.3d 1338, n.6 (5th Cir. 1994).

ANALYSIS

Defendants have filed these motions to dismiss arguing, among other things, that Plaintiff has failed to plead his claims in accordance with the requirements of *Twombly* and *Iqbal*, that Plaintiff lacks standing to assert any of these claims because he was not a party to the original transactions, and that he has failed to state any legally cognizable claim. Because the court finds that Plaintiff's claims must be dismissed due to his failure to plead his claims properly, it will not address Defendants' other arguments.

In his complaint, Plaintiff asserts the following: "Defendants…made false representations intending to induce Plaintiff's reliance…Plaintiff justifiably relied…resulting in…damages." Pursuant to Rule 9(b), claims of fraud must be pled with particularity. Fed. R. Civ. P. 9(b). To satisfy this standard, a plaintiff must plead the "who, what, when, where, and how" of the alleged fraud. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006).

3

Plaintiff, however, failed to meet this heightened standard when pleading his claims for fraud and misrepresentation. He alleges no facts whatsoever to support this allegation and instead relies on mere legal conclusions and a recitation of the elements.

Plaintiff also contends the following: "Defendants…will…engage in conduct…in violation of the Foreclosure Act, the UCC and the FD[C]PA;" "Defendants…engaged in a fraudulent foreclosure;" "Defendants…slandered Plaintiff's title;" "Defendants…violated the Uniform Commercial Code;" "Defendant acts [with]…a serious Conflict of Interest;" and "Defendants…violat[ed] state and federal Truth in Lending." Plaintiff, again, fails to state a claim as he has failed to plead any facts to support these bare legal conclusions. Plaintiff asserts a final claim, "Defendants have engaged in two or more instances of racketeering activity" attempting to establish a RICO violation. Plaintiff, however, failed to plead any facts to support this allegation, simply reciting elements of a RICO claim.

Plaintiff has failed completely to make a substantive showing on any of his claims. Instead, Plaintiff has rested merely on "labels and conclusions" and "a formulaic recitation of elements of a cause of action," which has been held as insufficient by the Supreme Court. *Twombly*, 550 U.S. at 555. Plaintiff, therefore, has failed to meet his burden "to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678.

## CONCLUSION

For the foregoing reasons, the court finds that Defendants' motions to dismiss for failure to state a claim are well taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 17th day of March, 2015.

                                               /s/ Neal Biggers
                                               **NEAL B. BIGGERS, JR.**
                                               **UNITED STATES DISTRICT JUDGE**